THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EDITH A. ANDERSON, Defendant-Appellant.

(No. 12639; )

Fourth District—April 24, 1975.

John F. McNichols, of State Appellate Defender's Office, of Springfield, for appellant.

No appearance for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

The defendant was convicted for the offense of forgery upon her plea of guilty. Pursuant to plea negotiations, the defendant was sentenced to

a term of 1 to 10 years in the Illinois State Reformatory for Women. The defendant has appealed. The State Appellate Defender was appointed as counsel for the defendant, and that counsel has filed a motion to withdraw. Attached to the motion to withdraw is a brief conforming to the requirements of *Anders v. California,* 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396. The proof of service shows service of that brief upon the defendant. Upon its own motion, this court granted the defendant leave to file additional points and authorities, and none have been filed.

In discharging our responsibility, we have examined the record in this case. We have concluded, as has the appellate defender, that there are no justiciable issues for review and that any review would be frivolous. The defendant was represented at the trial level by the public defender. The indictment is in the language of the statute and charges the defendant with the offense of forgery. The defendant withdrew her plea of not guilty and was allowed to enter a plea of guilty only after full compliance by the trial court with the requirements of Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, sec. 402.).

The terms of the plea negotiations were presented to the trial court. The State had agreed to accept the recommendation of the probation officer regarding the question of probation or to recommend a sentence of 1 to 10 years if the probation officer recommended that probation be denied. The defendant concurred, and her concurrence was voluntarily and knowingly made. The court denied probation and imposed the sentence of 1 to 10 years. Although appellate counsel stated that any claim of excessiveness of this sentence was rendered moot because the defendant was admitted to parole during the pendency of this appeal, we do not have to decide whether that issue is moot, for our review of the record discloses that the defendant had a record of prior convictions, one of which was a felony, and that in view of the sentence imposed any appeal on the issue of the excessiveness of sentence would be frivolous.

Therefore, the motion to withdraw is allowed, and the conviction and sentence are **affirmed.**

Judgment affirmed.

TRAPP, P. J., and CRAVEN, J., concur.